UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TOMMIE L. CARTER,

        Plaintiff,

    v.                                      Case No. 22-cv-1465-bhl

MARIETTA WOTJECKA and
JONATHAN DROVER,

        Defendants.

## SCREENING ORDER

    Plaintiff Tommie Carter, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Carter's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    Carter has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Carter has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $244.45. Carter's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Carter, on September 1, 2022, Defendant Dr. Marietta Wojtecka informed him that she was removing him from his cell in general population and placing him in observation status to ensure his safety because he was a danger to himself. Carter asserts that he told Dr. Wojtecka that placing him in an observation cell would not keep him safe from himself and that, if placed there, he would cut his artery and take 350 acetaminophen pills in order to go visit his dead mother. Carter states that Dr. Wojtecka appeared to think he was being dishonest, told him she did not care, and walked away. Dkt. No. 1 at 2-3.

Carter explains that, later that day, while in observation, he cut his arm and swallowed 350 acetaminophen pills. He states that he smeared blood on the observation windows and wall for at least an hour before other inmates called for help. According to Carter, because he was on observation status, Defendant Sgt. Jonathan Drover was supposed to be checking on him at least every 15 minutes, but no one checked on him until after the other inmates yelled for help. Carter states that he was taken to the hospital where he received 15 staples in his arm. Carter returned to Waupun the following day.

## THE COURT'S ANALYSIS

Prison officials violate the Eighth Amendment if they are aware of an objectively serious risk of harm to an inmate and knowingly or recklessly disregard it. *See Farmer v. Brennan*, 511 U.S. 825, 846 (1994). The duty imposed on prison officials extends to protecting inmates from imminent threats of serious self-harm, and the "obligation to intervene covers self-destructive

3

behaviors up to and including suicide." *Miranda v. Cty. of Lake*, 900 F.3d 335, 349 (7th Cir. 2018).

Carter may proceed on an Eighth Amendment claim against Drover based on allegations that Drover failed to regularly check on him despite knowing he was placed in observation status because he posed a serious risk of harm to himself. Carter does not, however, state a deliberate indifference claim against Dr. Wojtecka. Carter acknowledges that Dr. Wojtecka placed him in observation and ordered officers to perform 15-minute checks because she believed he was a danger to himself. Those actions do not demonstrate deliberate indifference to the risk of harm he posed to himself; they were taken in response to that risk. Carter highlights that he told Dr. Wojtecka that he was going to cut himself and overdose on pills, but he also notes that she ordered that he be removed from his cell and placed in an observation cell. Nothing in Carter's complaint suggests that Dr. Wojtecka knew or had reason to believe that Carter would be able to smuggle a razor and 350 pills from his general population cell into the observation cell, and Dr. Wojtecka could not have been deliberately indifferent to a risk of harm that she did not know about. *See, e.g., Whaley v. Erickson*, 339 F. App'x 619, 622 (7th Cir. 2009).

Carter also asserts that Dr. Wojtecka could have ordered him placed in bed restraints rather than in observation status with 15-minute checks. But he then appears to suggest that Dr. Wojtecka should have left him in general population, asserting that inmates who are placed in observation status (which is a much less restrictive status than bed restraints) "lose total control of their lives" and "feel incapable of being an active agent in their lives." Carter's seemingly inconsistent suggestions of how Dr. Wojtecka should have responded to his threats of self-harm reinforce how difficult it is for officials to keep inmates safe from their own self-destructive behaviors. This is also why "[t]he federal courts will not interfere with a doctor's decision to pursue a particular

4

Case 2:22-cv-01465-BHL   Filed 01/11/23   Page 4 of 7   Document 10

course of treatment unless that decision represents so significant a departure from accepted professional standards or practices that it calls into question whether the doctor actually was exercising his professional judgment." *Pyles v. Famim*, 771 F.3d 403, 409 (7th Cir. 2014). The Court cannot reasonably infer that Dr. Wojtecka's decision to order Carter moved to a different cell where he would be regularly observed demonstrates deliberate indifference to the risk of harm he posed to himself. Accordingly, Carter fails to state a claim against her.

Finally, on January 9, 2023, Carter filed a letter asking the Court to confirm whether it had received his initial partial filing fee payment and a motion for immediate screening of his complaint. Carter is advised that he must be patient as he litigates this case. The Court has hundreds of cases and considers every letter and motion a party files. Having to consider unnecessary letters and motions only adds to the Court's already heavy burden and interferes with its ability to timely and efficiently address substantive motions. The Court will deny as unnecessary Carter's motion for immediate screening.

**IT IS THEREFORE ORDERED** that Carter's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Carter's motion for immediate screening of his complaint (Dkt. No. 9) is **DENIED as unnecessary**.

**IT IS FURTHER ORDERED** that Dr. Marietta Wojtecka is **DISMISSED** from this action because the complaint fails to state a claim against her upon which relief can be granted.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Carter's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Sgt. Jonathan Drover.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Drover shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Carter is located.

**IT IS FURTHER ORDERED** that the agency having custody of Carter shall collect from his institution trust account the $105.55 balance of the filing fee by collecting monthly payments from Carter's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Carter is transferred to another institution, the transferring institution shall forward a copy of this Order along with Carter's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court

Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Carter is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Carter may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on January 11, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge