UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TOMMIE L. CARTER,

        Plaintiff,

        v.                                                              Case No. 22-cv-1465-bhl

JONATHAN DROVER,

        Defendant.

---

## DECISION AND ORDER

---

Plaintiff Tommie Carter is representing himself in this 42 U.S.C. §1983 case. He is proceeding on an Eighth Amendment claim against Defendant based on allegations that Defendant was deliberately indifferent to the risk of harm that Carter posed to himself. This decision resolves several motions filed by Carter.

First, on Friday, March 10, 2023, Defendant filed his answer in response to Carter's complaint. On Monday, March 13, 2023, the Court entered a scheduling order setting deadlines for the completion of discovery and the filing of dispositive motions. Two days later, Carter filed a motion asking the Court to enter a scheduling order. Dkt. No. 26. The Court will deny Carter's motion as moot. Carter is reminded that his is not the only case before this Court. The Court considers every document a party files and manages its docket accordingly. Having to resolve unnecessary motions such as this one takes up time and resources that should be devoted elsewhere. Accordingly, Carter is cautioned to be patient as this case proceeds and not to burden the Court and Defendants with unnecessary or frivolous motions.

Next, Carter filed a motion to strike Defendant's affirmative defense for qualified immunity. Dkt. No. 27. Federal Rule of Civil Procedure 8(b)(1)(A) requires a party to "state in short and plain

terms its defenses to each claim asserted against it." An affirmative defense is sufficient when it "provide[s] notice to the plaintiff of the plausible legal argument that the defendant could raise." *Illumination Mgmt. Solutions, Inc. v. Ruud Lighting, Inc.*, No. 11-cv-34, 2012 WL 3240337, *1 (E.D. Wis. Aug. 7, 2012). Defendant's affirmative defense does just that. It puts Carter on notice that Defendant may argue that he is entitled to qualified immunity. Defendant may now gather evidence during discovery to support that defense, much in the same way that Carter may gather evidence during discovery to support his claim. And, just as Carter was not required to prove his claim in his complaint, Defendant is not required to prove his affirmative defense in his answer. Accordingly, the Court will deny Carter's motion to strike.

Finally, Carter filed a motion asking the Court to order Defendant to serve him with a discovery request asking Carter to sign an authorization form for the use and disclosure of protected health information. Dkt. No. 28. The Court will deny the motion. It is up to Defendant to decide what information he believes he needs to defend against Carter's claim. Carter states that he wants to avoid unnecessary delays. Discovery opened last week and does not close for another five months. At this point, Carter's concerns are premature and unwarranted. Again, Carter is cautioned to be patient as this case proceeds.

**IT IS THEREFORE ORDERED** that Carter's motion for a scheduling order (Dkt No. 26), his motion to strike (Dkt. No. 27), and his motion for an order requiring Defendant to serve a discovery request (Dkt No. 28) are **DENIED**.

Dated at Milwaukee, Wisconsin on March 16, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

2